DENSMORE *v.* BATIE.

1. AUTOMOBILES—INTERSECTION—OVERTAKING CARS—LEFT TURN—GREAT WEIGHT OF EVIDENCE.
   Verdict of no cause for action as to either plaintiff overtaking motorist or defendant left-turning motorist as latter was starting to make a turn off 2-lane highway onto crossroad *held*, not established as against the great weight of the evidence.

2. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE.
   A verdict must be found to be against the great weight of the evidence in order to disturb such verdict.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]   5 Am Jur 2d, Appeal and Error § 880 *et seq.*
[3]   4 Am Jur 2d, Appeal and Error §§ 537, 538, 891–894.
[4]   53 Am Jur, Trial § 78.
[5–8]   7 Am Jur 2d, Automobiles and Highway Traffic §§ 217, 807.
   Liability for accident arising from failure of motorist to give signal for left turn at intersection as against motor vehicle proceeding in same direction. 39 ALR2d 15.

3. Same—Verdict—Requests to Charge—Instructions—Objections.

A verdict would be contrary to law if the trial court improperly refused to give requests to charge, or if the charge as a whole was erroneous and appellant can now raise objection thereto.

4. Automobiles—Request to Charge—Comment on Evidence—Discretion of Court.

It was not an abuse of discretion for court not to give a request to charge that defendant's overtaken car starting to make a left turn off 2-lane highway onto a crossroad displayed no intelligible signal of such intention to plaintiff overtaking motorist, since such request constituted a comment on the evidence and such comments are discretionary (CLS 1961, § 257.648; GCR 1963, 516.1).

5. Same—Request to Charge—Instructions—Statutes—Signal of Intention to Turn.

It was not reversible error on part of trial court to omit giving request to charge that defendant was negligent as a matter of law in making a left turn where he did so without giving an intelligible signal of intention, and charge as given stated it was negligence as a matter of law to drive a motor vehicle in violation of statutes and then read a statute requiring an intelligible signal before turning (CLS 1961, § 257.648).

6. Same—Request to Charge—Overtaking Motorist—Observation by Overtaken Motorist—Left Turn.

Reversible error was not committed by trial court in not giving request to charge as to making observation to rear and making a left turn at the same time that was not factually correct, all pertinent testimony relative to making of observation and turning considered in reviewing verdict and judgment of no cause for action by either plaintiff overtaking motorist or defendant overtaken and left-turning motorist (CLS 1961, § 257.648).

7. Same—Instructions—Request to Charge—Objection—Sudden Emergency.

Error in charge in action by overtaking motorist against overtaken motorist who had failed to make an intelligible signal of intention to turn left in that no instruction was given on the sudden emergency doctrine *held*, not reversible, where no request so to charge had been made and omission not objected to when opportunity to object was given before jury retired (CLS 1961, § 257.648).

8. SAME—INSTRUCTION—OVERTAKING MOTORIST—LEFT TURN.

Instruction, when considered as a whole, in case arising out of collision between overtaking car of plaintiff motorist and defendants' overtaken car as latter was starting to make a left turn near intersection with crossroad *held*, not reversibly erroneous (CLS 1961, § 257.648).

Appeal from Huron; Bach (Arthur M.), J. Submitted Division 2 January 14, 1965, at Lansing. (Docket No. 236.) Decided June 21, 1965.

Declaration by Ray A. Densmore against Louis Scott Batie and Alva Batie for injuries sustained in an automobile-truck collision. Cross-declaration by defendants for injuries sustained in the same collision. Judgment of no cause of action as to all parties. Plaintiff appeals. Affirmed.

*Thomas R. McAllister* and *Kenneth H. Smith*, for plaintiff Densmore.

*Stanton, Taylor, McGraw & Collison (Philip Woodworth, of counsel)*, for defendants Batie.

QUINN, J. March 20, 1961, at about 3:50 p.m., vehicles driven by plaintiff and defendant Louis Scott Batie collided on M–53, at or near its intersection with McTaggart road, Huron county. M–53 is a paved, two-lane highway. The weather was clear and the pavement dry. Prior to the collision, both vehicles were going south with defendant in the lead. As plaintiff started to pass defendant, the latter turned left to enter McTaggart road and plaintiff's right front end collided with defendant's left door. It is disputed whether the collision occurred somewhat north of or at the intersection, but it did occur in the northbound lane. It is not dis-

puted that defendant activated his mechanical turn signal to signify his intention to turn left before starting the turn and that this device was working. It is not disputed that the rear lights of defendant's vehicle were dirty before and after the accident. Plaintiff and witness Genevieve Kuntze were the only persons in a position to see defendant's rear turn signal before the accident; both testified they saw no signal given. The investigating officer testified the signal was still on and working after the accident but that the rear signal light had to be wiped off before the signal was visible. No one testified that the signal was visible before the accident and there is no indication that the dirt on the rear signal was fresh dirt. Plaintiff's speed at the time of the collision was 50 to 65 m.p.h.

The case was tried to a jury on declaration (now complaint), cross-declaration and answers thereto; each driver contended the other was negligent and that such negligence was a proximate cause of the accident. The trial resulted in a verdict of no cause for action as to both sides. Judgment entered on the verdict. Plaintiff's motion for a new trial was denied and he appeals from the judgment and from the denial of the motion.

Plaintiff bases his appeal on the same propositions advanced in his motion for new trial, *viz.*:

1. That the verdict is against the great weight of the evidence.

2. That the verdict is contrary to law.

3. That the court erred in refusing to give the following charges to the jury:

(a) It is the undisputed testimony of the witnesses in this case who observed the automobile of the defendant Alvin Batie, which was being driven and operated by defendant Louis Scott Batie, that there was no intelligible signal conveyed by the said motor vehicle before or at the time Louis Scott Batie

made a turn from a direct line and the witnesses included Robert Quinn, a witness for the defendants.

(b) In view of this testimony, the court charges you that the defendant Louis Scott Batie was guilty of negligence as a matter of law in making the turn to the left at the place where said turn was made.

(c) The court also instructs that the said defendant Louis Scott Batie, on the testimony given by him that he looked to the rear and turned at the same time, is guilty of negligence as a matter of law as he did not first see that he could make such turn in safety.

4. That the charge of the court, considered in its entirety, was erroneous.

A review of the record does not establish that the verdict is against the great weight of the evidence. This it must do before this Court disturbs a verdict. *Trupski* v. *Kanar* (1962), 366 Mich 603.

Plaintiff's assertion that the verdict is contrary to law is true if the trial judge improperly refused to give plaintiff's requests to charge 3(a), (b), (c), above, the same being plaintiff's requests No 4, 5, and 6, or if the charge as a whole was erroneous and plaintiff can now raise objection thereto. Request No 4 is a comment on the evidence. Such comments are discretionary. GCR 1963, 516.1. Here the record is clear that no intelligible signal was given; it was not an abuse of discretion not to point out this obvious fact to the jury. Request No 5 is covered in the charge as given. Before reading the applicable statutes, the court stated: "but in addition to that, the statutes of the State of Michigan place upon the driver of a motor vehicle certain duties under certain conditions. Any person who while driving a motor vehicle violates or fails to comply with those statutory requirements is negligent as a matter of law." The statutes read included CLS 1961, § 257.648 (Stat Ann 1958 Rev § 9.2348),

which requires the intelligible signal before turning. Request No 6 is not factually correct. The testimony relied on by plaintiff in framing this charge is in fact a statement of counsel confirmed by Batie's answer. Standing alone, it might mean what plaintiff says it means, but it does not when read with Batie's other testimony. There was no reversible error in not giving the foregoing requests to charge.

There was error in the charge in the opinion of this Court. Under the facts, after the trial court charged on assured clear distance, it should have also charged on the sudden emergency doctrine. However, such a charge was not requested; its omission was not objected to, although counsel were given an opportunity to object before the jury retired. GCR 1963, 516.2 controls and counsel cannot object to this omission. *McKinney* v. *Anderson* (1964), 373 Mich 414. This rule as interpreted in *McKinney* eliminates the apparent controlling authority of *Decker* v. *Wofford* (1960), 360 Mich 644. The charge as a whole was not erroneous.

Finding no reversible error, the trial court is affirmed, with costs to appellees.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.