## MILAUCKAS v. MEYER.

1. Appeal and Error—Assignment of Error—Instructions—Opportunity to Object.

   An appellant is not precluded from assigning error on the giving or failure to give instructions notwithstanding he had not objected thereto before the jury retired, where the trial judge had not afforded him an opportunity to make such objection (GCR 1963, 516.1, 516.2).

2. Negligence—Assumption of Risk—Contributory Negligence.

   The doctrine of assumption of risk is not an equivalent of contributory negligence.

3. Trial—Instructions—Negligence—Contributory Negligence—Assumption of Risk.

   Trial judge's use of the terms *assumed any risk* and *assumed the risk*, in his effort to explain the legal contentions of the defense which had interposed a claim of contributory negligence in plaintiff's action for negligent injuries did not necessarily result in the injection of false issue of *assumption of risk* into the case.

4. Same—Purpose of Instructions.

   The purpose of a charge to the jury is (1) to explain the issues; (2) to notice the claims of the parties and suggest, so far as necessary, the principles of evidence and their application; and (3) to declare what rules of law will apply to any state of facts which may be found on the evidence.

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 891.
   53 Am Jur, Trial §§ 824–827.
[2, 3] 38 Am Jur, Negligence § 172.
[4] 53 Am Jur, Trial § 509.
[5, 9] 5 Am Jur 2d, Appeal and Error § 894.
[6] 35 Am Jur, Master and Servant § 187.
[7, 8] 38 Am Jur, Negligence § 182.
[10] 53 Am Jur, Trial § 559.

**5. SAME—INSTRUCTIONS CONSIDERED AS A WHOLE.**

Select portions of a trial judge's charge to the jury should not be subjected to scrutiny in a vacuum extracted from the charge as a whole and thereby separate the court's comments on the positions of the opposing parties and the court's statements of the law.

**6. NEGLIGENCE—SAFE PLACE TO BE—CONSTRUCTION WORK—INSTRUCTIONS.**

The doctrine of providing a safe place to be does not apply to construction work which, by its very nature, involves unusual risks in a progressively changing situation, hence, instruction given by trial judge that plaintiff owner should have known in the exercise of reasonable care that he was in a place of danger in the area where pile-driving operation on his property was in progress.

**7. SAME—CONTRIBUTORY NEGLIGENCE.**

One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury.

**8. SAME—CONTRIBUTORY NEGLIGENCE.**

One who knows or in exercise of ordinary care should have known of existence of danger from which injury might reasonably be anticipated and who by voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved.

**9. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.**

Instructions given by trial court in action by owner of property, injured by log which fell from defendants' pile-driving rig, when taken as a whole, *held,* not to have misrepresented plaintiff's case to jury by reason of the use of assumption of risk terminology while instructing jury properly on issues of defendants' negligence and plaintiff's contributory negligence.

**10. SAME—INSTRUCTIONS—EXCESSIVE REPETITION OF DOCTRINE OF CONTRIBUTORY NEGLIGENCE.**

Review of whole charge to jury in negligence action wherein defendants interposed defense of contributory negligence *held,* not to have disclosed that trial judge unduly emphasized defense of contributory negligence over and above plaintiff's claim of defendants' negligence by excessive repetition of the doctrine of contributory negligence.

Appeal from Allegan; Smith (Raymond L.), J. Submitted Division 3 June 15, 1965, at Grand Rapids. (Docket No. 127.)   Decided September 20, 1965. Leave to appeal denied by Supreme Court February 11, 1966.   See 377 Mich 700.

Complaint by Joseph J. Milauckas against Willard Meyer and Gerard Meyer for injuries allegedly sustained when a pole, being pile driven by defendants, fell and struck plaintiff.   Verdict and judgment for defendants.   Plaintiff appeals.   Affirmed.

*Rex W. Orton,* for plaintiff.

*Cholette, Perkins & Buchanan (Don V. Souter,* of counsel), for defendants.

McGREGOR, J.   In the spring of 1961, the plaintiff Joseph J. Milauckas, who owned a motel with frontage on Lake Michigan, hired the defendants, Willard and Gerard Meyer, to drive pilings for the erection of a retaining wall on the beach.   The machinery which the defendants used was a crane with a boom 35 to 40 feet in length; suspended from the end of the boom by a cable was a device called "leads" consisting of two parallel vertical steel beams, joined on the side facing the cab of the crane by small horizontal steel pieces.   Sliding in this vertical track between the uprights was a steel cap which fitted over the top of a log being driven to hold it in place and the hammer which drove the log into the ground. The cap was connected to the hammer and the hammer was raised and lowered by a cable which ran along the length of the boom to a drum within the cab.

The controversy at hand arose from the method in which the defendants loaded the logs into the piledriving device.   The loading was done by placing the leads next to the pile of logs, each of which

was 25 to 30 feet in length and weighed over half a ton. A workman would then wrap the chain running from the cable operating the hammer around one of the logs and fasten it with a slip-hook. On the afternoon of May 3, 1961, the plaintiff was investigating defendants' progress with the work to ascertain whether the piles were being driven 5 feet apart, as he had specified. Defendant Gerard Meyer was operating the crane while one of his employees was assisting with the loading of the logs into the driving device, and the other was standing 15 to 20 feet from the open side of the leads, the side away from the cab of the crane, pouring gasoline from one tank into another. Plaintiff was standing and talking to the latter of the defendants' employees while a log was being loaded into the leads. One of the logs had been picked up by the chain and placed into a vertical position, with its bottom end resting on the ground. Suddenly the chain came unfastened from the log, before the holding cap was placed over the upper end of the log. It then fell in the only direction in which it could, and struck plaintiff on the head, causing him severe and permanent injuries.

Plaintiff subsequently brought suit against the defendant contractors for $200,000. During the jury trial a contractor experienced in pile driving testified on behalf of the plaintiff that in his opinion an open slip hook to hold the chain on the log while the same was being loaded into the driving device was a dangerous method and further stated that a clevis and bolt should have been used, and also that a separate cable should be used for the sole purpose of maneuvering the log. Defendant Gerard Meyer testified that he had used the open hook method all the years he had worked as a pile driver. He and two of his employees also testified that they had warned

plaintiff of the danger in standing in the area where the work was being done. Plaintiff, on the other hand, denied that he had been so warned and stated that he had been on the job every day up to the time of the accident. Plaintiff also testified that he had no experience in the use of heavy machinery and pile driving and that he did not know that he was in a place of danger.

Requests to charge were not exchanged by counsel. The court did not inform counsel of his proposed action on their requests to charge prior to the arguments to the jury, as provided in GCR 1963, 516.1. No opportunity was given plaintiff's counsel to object to the court's charge in open court out of the presence of the jury and before the jury retired, as required by GCR 1963, 516.2. A discussion did take place between counsel and the court at the bench before the jury retired and the court restated, pursuant to request, the formula for future damages. Defendants did not, in their answer, plead assumption of risk, as an affirmative defense, nor did such defense appear in the pretrial statements.

The jury returned a verdict for the defendants of no cause of action, and the trial court subsequently denied plaintiff's motion for a new trial. Plaintiff, in bringing this appeal from that unfavorable judgment, alleges that the trial judge erroneously charged the jury on the doctrine of assumption of risk in these words:

"It is defendants' further claim that the plaintiff was not asked to be in the area, that he was not needed for any of this operation and that he voluntarily placed himself in a position of danger and assumed any risk incident to being in a place where the construction was going on. * * *

"It is defendants' further claim that plaintiff is not entitled to recover in this case, first, because defendants were not negligent; and second, that

even though they were negligent plaintiff assumed
the risk in being in an area where construction was
going on; that he voluntarily remained in a dan-
gerous place and that he knew, or should have known,
he was in a position of danger and did not maintain
proper regard for safety that an ordinary prudent
person would have maintained under the circum-
stances. * * *

"The danger in being in an area under construc-
tion is obvious to all who would look, that being the
claim of the defendants, and that construction work
by its very nature involves unusual risk. So the
defendants claim that the jury should return a ver-
dict of no cause for action in this case. * * *

"Now, in that same respect, since Mr. Willard
Meyer and Mr. Gerard Meyer, as a matter of fact,
claim in this case that Mr. Milauckas was guilty of
contributory negligence himself, the law imposes
upon the defendants in the case the burden of es-
tablishing that element or that issue.

"In respect to the claim of contributory negligence,
members of the jury, you may take into consideration
the testimony that was given by Mr. Milauckas as to
the purpose for which he was attending the job.
There is no dispute over the fact that Mr. Milauckas,
as the owner of the land in question, had a right to
be upon his own property, and to give the defendants
instructions from time to time. In other words,
the mere fact that Mr. Milauckas was on the job
while it was being performed would not constitute
negligence on his part, and if he had received no
warning from defendants, who were experienced pile
drivers, of any danger to himself, and if in the ex-
ercise of ordinary care and caution he would have
had no reason to believe that he was in danger, he
then, of course, would not be guilty of any contribu-
tory negligence. * * *

"And if you decide that Mr. Milauckas was guilty
of contributory negligence in standing where he was
at the time he was injured, either because he was
warned and ignored the danger, or because you find

an ordinary prudent person would have realized his danger, then of course, your verdict will be for the defendants, and there is no reason to proceed to the question of damages. * * *

"I further charge you that an area where construction work is being done, by its very nature, involves unusual risk in a progressively changing situation. I charge you, therefore, members of the jury, that if you find that the plaintiff knew from what he observed, or should have known in the exercise of reasonable care, that he was in a place of danger, then you may find him guilty of contributory negligence and your verdict will be one of no cause of action.

"It is the law of the State of Michigan that one who voluntarily places himself or remains, places himself in or remains in a position which he knows, or with the reasonable exercise of care should have known is dangerous cannot recover for any resulting injury. * * *

"I charge you, one who knows of (or, sic?), in the exercise of ordinary care should have known of the existence of danger, from which injury might reasonably be anticipated, and who by his voluntary acts or omissions exposes themselves to such danger, is guilty of dange (negligence, sic?) if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved.

"I charge you that if you so find plaintiff knew, or should have known of this danger, then he is guilty of negligence and your verdict will be one of no cause of action."

Before this allegation of error can be considered, defendants' contention that plaintiff did not timely raise this allegation of error must be disposed of. GCR 1963, 516.2 prohibits the assignment of error in the charge to the jury unless objections are raised before the jury begins deliberations, even though the allegations of error are meritorious. *Taylor* v. *Lowe*

(1964), 372 Mich 282; *Densmore* v. *Batie* (1965), 1 Mich App 201. This Court has found an exception out of fairness to litigants.

"Although the appellant failed to comply with GCR 1963, 516.2, he is not precluded from making such assignments of error on appeal because the record does not show that the court complied with GCR 1963, 516.1 in affording the parties the opportunity to object." *Herndon* v. *Woodmen of the World* (1965), 1 Mich App 141, 144.

The correctness of the charge to the jury is the issue now standing for decision. The majority opinion in *Felgner* v. *Anderson* (1965), 375 Mich 23, attempts to banish the smog of confusion surrounding the term "assumption of risk". This decision repudiated the use of the term "assumption of risk" as a shadow of the doctrine of contributory negligence. The trial of the instant case nearly a year and a half before the *Felgner* decision presents this Court with the question of whether the charge to the jury as quoted above actually presented the theory of assumption of risk to the jury. The trial judge's use of the terms "assumed any risk" and "assumed the risk", in his effort to explain the legal contentions of the defense, did not necessarily result in the injection of false issue into the case.

"Now it is very obvious that the contention at this point turns on the meaning of the trial judge and the sense in which he was understood by the jury. The office of charge is—1st, to explain the issues; 2d, to notice the positions taken by the parties and suggest, so far as the case may require it, the principles of evidence and their application; and 3d, to declare what rule or rules of law will be applicable to any stated facts which may be found on the evidence." *Souvais* v. *Leavitt* (1883), 50 Mich 108, 111,

The distinction may be made, therefore, between the court's comments on the positions of the opposing parties and the court's statements of the law. This Court does not suggest that the faulty contentions of the parties be injected into the instructions to the jury. Select portions of the charge, however, should not be subjected to scrutiny in a vacuum extracted from the charge as a whole.

The trial judge's references to unusual risk in construction work seemed to be based upon *Klovski* v. *Martin Fireproofing Corporation* (1961), 363 Mich 1, 6:

"As we observed in an earlier case,* the doctrine of the safe place cannot be applied as controlling when the facts before the court disclose construction work which, by its very nature, involves unusual risks in a progressively changing situation."

Although the *Klovski* case involved the application of the safe-place doctrine to the construction of a multi-story building, this court cannot say such reference was erroneous when explained by a correct statement of the doctrine of contributory negligence. There are several authorities to support the statements in the charge on the doctrine of contributory negligence as it applies to dangerous places.

"One who voluntarily places himself in, or remains' in, a position which he knows, or with reasonable care should know, is dangerous, he cannot recover for the ensuing injury." *Stern* v. *Franklin* (1939), 290 Mich 467, 471; quoting with approval 3 Cooley on Torts (4th ed), p 423.

"One who knows or in the exercise of ordinary care should have known existence of danger from which injury might reasonably be anticipated and

---

* See *Porth* v. *Cadillac Motor Car Company*, 198 Mich 501, 512.— REPORTER.

who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved." *Rice* v. *Goodspeed Real Estate Company* (1931), 254 Mich 49, 55. Quoted with approval in *Modzel* v. *Norwalk Truck Lines* (1949), 325 Mich 693, 698, and *Jones* v. *Michigan Racing Association* (1956), 346 Mich 648, 651.

*Modzel* v. *Norwalk Truck Lines, supra,* was cited with approval in *Felgner* v. *Anderson, supra* (pp 49–51).

This Court concludes that the charge, taken as a whole, instructed the jury properly on the two issues of defendants' negligence and plaintiff's contributory negligence, and the use of the terminology assumption of risk, while undesirable, did not misrepresent plaintiff's case to the jury.

Lastly, plaintiff also contends that his case was unfairly prejudiced by excessive repetition of the doctrine of contributory negligence in the charge. *Mack* v. *Precast Industries, Inc.* (1963), 369 Mich 439, is cited as the relevant authority. The instant case is distinguishable because in the *Mack Case* the repetitious instruction objected to was erroneous on its own terms. Having reviewed the whole charge in the instant case, this Court concludes that the trial judge did not unduly emphasize the defense of contributory negligence over and above plaintiff's claim of defendants' negligence. The judgment of the trial court is affirmed, and costs are awarded to the appellees.

FITZGERALD, P. J., and HOLBROOK, J., concurred.