## OSBERRY v. WATTERS.

1. DAMAGES—INADEQUACY OF VERDICT—EVIDENCE—WHIPLASH INJURY.

   Plaintiff's claim that $500 damages awarded by the jury for whiplash injury were grossly inadequate *held*, without merit, where there was conflicting evidence as to the prior state of plaintiff's health, the extent of her injury, complications caused by other injuries before and after the subject accident, and the testimony as to her loss of earnings was uncertain, since the determination of damages was solely within the jury's discretion, there being such ·conflict and uncertainty in the evidence that the jury was well within its province in rendering a modest verdict.

2. SAME—INADEQUACY OF VERDICT—APPEAL AND ERROR—NEW TRIAL.

   ·The Court of Appeals ordinarily does not order a new trial on the grounds that the verdict of the jury was grossly inadequate, since the jury had the advantage of seeing and hearing the witnesses and, hence, was in a position to evaluate fairly the testimony of each, particularly where the trial judge, who had a like advantage, rejected plaintiff's claim that the verdict was so grossly inadequate as to require the granting of a new trial limited to the question of damages.

3. EVIDENCE—HOSPITAL RECORDS—BUSINESS RECORDS—ADMISSIBILITY—DIAGNOSIS.

   A hospital record is clearly admissible to the extent that it ·records events and acts, such as admission, discharge, and administration in the hospital, made as an ordinary business entry, but it is not ordinarily admissible as a means of introducing history or diagnosis per se (CLS 1961, § 600.2146).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 22 Am Jur 2d, Damages § 398 *et seq.*

[3, 7, 8] 26 Am Jur, Hospitals and Asylums § 6.
  Admissibility of hospital chart or other hospital record.  75 ALR 378, s 120 ALR ·1124.

[4, 6] 58 Am Jur, Witnesses § 767 *et scq.*

[5] 58 Am Jur, Witnesses § 674 *et seq.*

[9] 29 Am Jur 2d, Evidence §§ 178, 179.

4. SAME—IMPEACHMENT—CREDIBILITY—WITNESSES.

The test to determine whether contradictory evidence may be introduced to impeach the credibility of a witness is whether the fact, as to which the prior self-contradiction is predicated, could have been shown in evidence for any purpose independently of the self-contradiction.

5. SAME—IMPEACHMENT—RECOLLECTION—CREDIBILITY—WITNESSES.

The mere failure of a witness to recollect, when questioned as to whether an event did or did not occur, does not prevent the impeacher from offering evidence to establish the happening of such event, and it does not matter whether the answer of the witness, in any other way, lacks in positiveness.

6. SAME—CONTRADICTORY STATEMENTS—ADMISSIONS—IMPEACHMENT—CREDIBILITY—WITNESSES.

A prior contradictory statement of a witness may be introduced in evidence and clearly brought out and emphasized, even though the witness admits having made the other statement.

7. SAME — HOSPITAL RECORDS — ADMISSIONS — IMPEACHMENT — CREDIBILITY — WITNESSES.

Hospital record containing plaintiff's extrajudicial admissions of a prior accident and complaint of neck injury, recorded in the ordinary course of business and made at the time of the event, *held*, clearly admissible into evidence where plaintiff had previously denied any prior accident and any prior neck injury (CLS 1961, § 600.2146).

8. SAME—HOSPITAL RECORDS—BUSINESS RECORDS—MEDICAL DIAGNOSIS—IMPEACHMENT—CREDIBILITY—WITNESSES.

Portion of hospital record showing diagnosis of plaintiff's prior injury as "whiplash of neck," her condition as "good," and the disposition as "home," *held*, properly admissible into evidence as a description of her physical condition and part of the medical history of the case, where the purpose of the exhibit was to resolve the credibility of plaintiff who had previously denied any prior accidents and any prior neck injury, and the record was not introduced as a substitute for expert medical testimony, two physicians having been examined and cross-examined during the course of trial.

9. TRIAL—ARGUMENT—FAILURE TO PRODUCE EVIDENCE.

Plaintiff's claim that the trial court committed prejudicial error by allowing defendant's counsel in closing argument to comment upon plaintiff's failure to produce tax records for certain

years, although she had produced such records for other years, *held*, without merit, since counsel may properly present argument concerning the withholding or failure to produce apparently available and competent evidence upon a material issue.

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 April 4, 1967, at Lansing. (Docket No. 923.) Decided June 27, 1967.

Complaint by Lina Osberry against Roy M. Watters for damages as a result of a rear-end automobile accident. Derivative action by Nathaniel Osberry for damages sustained by him as a result of said accident. Cases consolidated for trial. Directed verdict of liability in favor of plaintiff. The jury assessed damages and judgment was entered accordingly. Motion for new trial by Lina Osberry denied. Lina Osberry appeals. Affirmed.

*Stuart J. Dunnings, Jr.,* for plaintiff.

*Newman & MacKay (Fred C. Newman,* of counsel), for defendant.

MILLER, J. This is an auto negligence case tried before a jury. The judge directed a verdict on liability and presented the case to the jury on damages, along with the companion case of this appellant's husband. The jury found $1,500 damages for the husband, which has not been appealed; and $500 damages for the wife. The appeal is based on three grounds:

1. That the verdict was grossly inadequate.

2. That the hospital record was improperly received in evidence.

3. That it was improper to argue with reference to tax returns not in evidence.

The question of the adequacy of the verdict was one that was solely within the jury's discretion, as there was conflicting evidence as to the prior state of health of the plaintiff, the extent of this injury, and complications by other injuries before and after the subject accident. The testimony as to plaintiff's loss of earnings is not certain, There was such conflict and uncertainty in the evidence that the jury was well within its province in rendering a modest verdict.

"In the case at bar the jury had the advantage of seeing and hearing the witnesses and, hence, was in a position to fairly evaluate the testimony of each. The trial judge, who had a like advantage, rejected plaintiff's claim that the verdict was so grossly inadequate as to require the granting of a new trial limited to the question of damages. His ruling was in accord with the decisions of this Court in comparable cases." *Teller* v. *George,* 361 Mich 121, 122.

Appellant's second point concerns the admission in evidence of the hospital record, including the brief diagnosis and history. The statement of facts recites:

"The report showed Lina Osberry had been brought to the hospital by members of the Lansing police department, that she had been in an auto accident, that the car had been struck from the side and her head 'jerked to side,' there had been a physical examination which revealed tenderness in her neck and a diagnosis of 'whiplash of neck' had been made." Appellee's brief, p 13.

The one-page hospital record was introduced by the defendant for the purpose of impeaching the credibility of the plaintiff. Originally she had denied that she had been in a prior accident. The court received the hospital record in evidence over plaintiff's objection on the grounds that it was not material and

"not a proper exhibit." The hospital record, as a business entry under CLS 1961, § 600.2146 (Stat Ann 1962 Rev § 27A.2146), was clearly admissible to the extent that it recorded events and acts, such as admission, discharge, and ministrations in the hospital. Ordinarily such a record is not admissible as a means of introducing history or diagnosis *per se*.

No objection was made to permitting the jury to have this one-page exhibit in the jury room, and nothing in the record indicates that the record was used on other than impeachment. As was stated before, plaintiff first denied and later said she did not remember this 1955 accident and complaint of injury. This subject matter was in issue, since it had a bearing on her prior state of health as well as her credibility. The test to determine whether contradictory evidence may be introduced is stated by Wigmore:

"Could the fact, as to which the prior self-contradiction is predicated, have been shown in evidence for any purpose independently of the self-contradiction?" 3 Wigmore, Evidence (3d ed), § 1020, p 692, citing *People* v. *DeFrance,* 104 Mich 563 (28 LRA 139).

The fact that she later admitted the accident is of little significance.

"It follows that the *mere failure of the witness to recollect,* when asked the preliminary question, whether he made the other statement does not prevent the impeacher from offering it; nor    *   *   * does it matter whether in any other way his answer lacks in positiveness." 3 Wigmore, Evidence (3d ed), § 1037, p 722.

"Even where the witness *admits* having made the other statements,   *   *   * (opponent) may prefer to have it clearly brought out and emphasized." 3 Wigmore, Evidence (3d ed), § 1037, p 723.

This one-page record contained plaintiff's extra-judicial admissions of a prior accident and complaint of neck injury, which were recorded in the ordinary course of business of the outpatient department of the hospital and were made at the time of the event. While ordinarily opinion portions of hospital records are not admissible because of inability to cross-examine the expert and for other reasons, here the entire section complained of is as follows:

> "DIAGNOSIS: *Whip lash of neck*
> "PATIENT'S CONDITION: *Good*
> "DISPOSITION: Home *x*"
> Defendant's Exhibit 1.

The exhibit was not introduced as a substitute for expert medical testimony. Two medical experts were examined and cross-examined. The four words can scarcely be classified as a diagnosis and would seem to fall in the classification of description of physical condition mentioned in *Caccamo's Case* (1944), 316 Mass 358, 362 (55 NE2d 614, 616):

> "The diagnosis appearing in the hospital record that the employee was suffering from a 'cerebral hemorrhage (traumatic in origin)' was a description of her physical condition and a part of the medical history of the case.  *  *  *  It was properly admitted in evidence."

While this might be distinguished on the basis of a broader statute in Massachusetts, nevertheless it is clear that the tender of the exhibit here was made to resolve the credibility issue* and to determine whether or not plaintiff had been in a prior accident affecting her neck. She ultimately admitted that she had been in this prior accident. No prejudice resulted.

---

* Plaintiff was clearly impeached on seven different material points.

Appellant further contends that it was improper for defense counsel to comment on the failure of appellant to produce tax records for certain years. She had produced some of her tax records, but not all the ones material to this action.

"It has frequently been held that argument concerning the withholding or failure to produce apparently available and competent evidence upon a material issue is not objectionable." *Stoddard* v. *Grand Trunk Western Railway Co.* (1916), 191 Mich 321.

See, also, 53 Am Jur, Trial, § 475; 6 Callaghan's Michigan Pleading and Practice (2d ed), Jury Trials, § 38.82, p 108.

Affirmed. Appellee may have costs.

QUINN, P.J., and McGREGOR, J., concurred.