DIXISON *v.* ASHER.

1. DAMAGES—ADEQUACY OF VERDICT—EVIDENCE.

Appellate court will not disturb the verdict of a jury because of inadequacy of damages if it is satisfied that a basis for the verdict of the jury may be found in a sound evaluation of the evidence.

2. SAME—ADEQUACY OF VERDICT—EVIDENCE.

Adequacy of a verdict for damages is solely within the jury's discretion in a case where there is conflicting evidence as to the prior state of health of the plaintiff and the extent of the injury sued on.

3. TRIAL—JURY INSTRUCTIONS—CLAIMS OF PARTIES.

Comments by the court on the positions taken by the opposing parties may be included in the jury instructions, although the faulty contentions of the parties should not be injected into the instructions.

4. SAME—JURY INSTRUCTIONS—CLAIMS OF PARTIES.

Selected portions of the charge to jury should not be subjected to scrutiny in a vacuum, extracted from the charge as a whole, in examining a charge which includes comments on the positions of the opposing parties in the case.

5. APPEAL AND ERROR—CHARGE TO JURY—OBJECTIONS—WAIVER.

Objection to comments by the court on the positions of the opposing parties made during charge to jury are waived when they are not raised on a motion for a new trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6] 22 Am Jur 2d, Damages § 364 *et seq.*
[3] 53 Am Jur, Trial § 584 *et seq.*
[4] 53 Am Jur, Trial § 842.
[5] 5 Am Jur 2d, Appeal and Error § 891.

6. DAMAGES—VERDICT—ADEQUACY.

Jury verdict for $2,000 for plaintiff wife injured in automobile accident, and $1,000 for husband for property damage to automobile, medical expenses, and loss of wife's services, *held*, not inadequate in a case where the out-of-pocket loss established by plaintiff husband was $567, and there was considerable inconsistency in the testimony concerning the seriousness and permanence of injury.

Appeal from Calhoun; Coleman (Creighton R.), J. Submitted Division 3 May 8, 1967, at Grand Rapids. (Docket Nos. 1,565, 1,566.) Decided August 10, 1967.

Complaint by Rosetta Dixison against George Asher for personal injuries received in an automobile accident, and complaint by John Dixison against George Asher for property damage, medical expenses, and loss of services of his wife as a result of the same accident. Verdicts and judgments for plaintiffs. Plaintiffs' motions for new trial because of inadequacy of verdicts denied. Plaintiffs appeal. Affirmed.

*Golden & Golden,* for plaintiffs.

*Sullivan, Hamilton & Ryan,* for defendant.

FITZGERALD, P. J. Plaintiffs, husband and wife, brought separate suits against defendant for damages arising out of whiplash injuries sustained by the wife in an automobile accident. The husband claimed damages for the repair of the automobile, medical expenses and loss of her services. The suits were consolidated for trial on the question of damages only, as the defendant admitted liability.

At the trial, plaintiffs called 2 medical doctors and a chiropractor and testified themselves as to the nature and extent of the injury. The out-of-

pocket loss established by plaintiff husband was $567. There was considerable inconsistency in the testimony concerning the seriousness and permanence of the injury. The jury returned a verdict for $1,000 for the husband and $2,000 for the wife. A motion for a new trial on the ground that the award was grossly inadequate was made and denied.

On appeal, they raise the additional ground of improper instructions to the jury, though not raised in the motion for a new trial.

Dealing first with the question of inadequacy of the verdicts, we are constrained to observe that it is a rare plaintiff who is surprised by the generosity of a jury. The converse is generally true. The cases dealing with this subject contain the common thread that the jury obviously chose to believe whom they wished and weighed the credibility of the witnesses. *Moyer* v. *Shampo* (1959), 357 Mich 391.

Applying the *Moyer* test, we observe, as did the Court there, that we must be satisfied merely that a basis for the verdict of the jury may be found in a sound evaluation of the evidence. The instant record is amenable to such an evaluation.

*Teller* v. *George* (1960), 361 Mich 118, 122, furnishes the following cogent comment:

"In the case at bar the jury had the advantage of seeing and hearing the witnesses and, hence, was in a position to fairly evaluate the testimony of each. The trial judge, who had a like advantage, rejected plaintiff's claim that the verdict was so grossly inadequate as to require the granting of a new trial limited to the question of damages. His ruling was in accord with the decisions of this Court in comparable cases."

This Court, in a recent case, had occasion to comment on an alleged inadequate verdict in the following words:

"The question of the adequacy of the verdict was one that was solely within the jury's discretion, as there was conflicting evidence as to the prior state of health of the plaintiff, [and] the extent of this injury.   *   *   *   There was such conflict and uncertainty in the evidence that the jury was well within its province in rendering a modest verdict." *Osberry* v. *Watters* (1967), 7 Mich App 258, 261.

Plaintiffs object to the trial judge's charge to the jury on the defendant's theory of the case. They contend that the following portion of the instructions was prejudiced:

"Defendant claims at the time she was first X-rayed following the accident she had bony spurs on the spine, that the spurs, by continuing to develop without any other factors whatsoever, could cause all of plaintiff's present symptoms, and both Dr. Lancaster and Dr. Walker admitted this upon cross-examination.   Defendant claims that these spurs were not caused in any way by the accident, but had developed before it occurred.   Defendant contends that the injuries to Rosetta Dixison which may have resulted from the accident were minor, and she recovered from them in a short period of time."

This is a fair statement of defendant's theory of the case and did not prejudice plaintiff and, further, was waived due to failure to raise it on the motion for a new trial.

The following quotation from *Milauckas* v. *Meyer* (1965), 1 Mich App 500, 508, adequately states our position on a point such as this:

"The distinction may be made, therefore, between the court's comments on the positions of the opposing parties and the court's statements of the law. This Court does not suggest that the faulty contentions of the parties be injected into the instruc-

tions to the jury. Select portions of the charge, however, should not be subjected to scrutiny in a vacuum, extracted from the charge as a whole."

Affirmed. Costs to appellee.

BURNS and HOLBROOK, JJ., concurred.