WALDORF v. KMS INDUSTRIES, INC.

1. CONTRACTS—CONFLICTS OF LAWS—STOCK TRANSFER.

The laws of Michigan apply to plaintiff's action to compel defendant Delaware corporation to transfer to him shares of its stock held by defendant's escrow agent where the contract of purchase was executed in Michigan and where there was no valid stock transfer under Delaware law since Delaware requires that the certificate of stock be delivered to the purchaser for a valid transfer.

2. CONTRACTS—CONFLICTS OF LAWS—PLACE OF EXECUTION.

Contractual rights as a general rule are governed by the law of the state in which the contract was executed.

3. CONTRACTS—STOCK PURCHASE PLAN—EMPLOYMENT CONTRACT.

A plaintiff was not entitled to have transferred to him shares of stocks purchased pursuant to a contract providing that the defendant had the right to repurchase the stock if the plaintiff failed to continue employment with the defendant for three years where the plaintiff was in the defendant's employ for only 19 months, even though the employment was terminated by the defendant.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 April 15, 1970, at Lansing. (Docket No. 8,146.) Decided June 26, 1970.

Complaint by Lindsey E. Waldorf against KMS Industries, Inc., to compel defendant to transfer pos-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Conflict of Laws § 36 et seq.
[3] 17 Am Jur 2d, Contracts §§ 355, 361, 400, 401, 404, 427.

session of shares of stock to plaintiff.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Miller, Canfield, Paddock & Stone (George E. Parker, III, Gilbert E. Gove,* and *Carl H. von Ende,* of counsel), for plaintiff.

*DeVine & DeVine,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and DANHOF, JJ.

R. B. BURNS, P. J.    Plaintiff left his position of prior employment in 1967 and joined the defendant company, a Delaware corporation with its principal office in Michigan.  Part of the inducement for the plaintiff to join the defendant corporation was a promise of a stock transfer which was incorporated into an agreement signed one day after the plaintiff joined the defendant company.  The contract provided that the defendant would sell plaintiff 2,500 shares of its common stock at one cent per share, but that the company would have the right to repurchase a certain declining percentage of the shares at the nominal purchase price should plaintiff fail to continue three years of employment with the company.

Plaintiff purchased the 2,500 shares and pursuant to the contract they were placed with the defendant's attorney as escrow agent to be given to the plaintiff as the company's right to repurchase terminated.

After 19 months in the defendant's employ, plaintiff was discharged.  At the time of plaintiff's termination of employment he had received 20% of the 2,500 shares from the escrow agent.  After his discharge plaintiff demanded the remaining 2,000 shares of stock and the escrow agent refused to sur-

render it. Plaintiff filed suit to compel defendant to transfer possession of the stock to him. The trial court granted defendant's motion for summary judgment and plaintiff appeals.

Plaintiff's basic claim is that the defendant is a Delaware corporation and the parties' rights involved in a stock transfer are controlled by Delaware law; that under Delaware law in effect at the time of the transfer any restriction in the alienation of stock must be noted on the stock certificate. 8 Del C § 194 (1953) provides as follows:

"There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any bylaws of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

Defendant claims the transaction did not result in a valid transfer of stock because the certificates were delivered to defendant's escrow agent and not to the plaintiff. Under Delaware law (8 Del C § 181), to constitute a valid transfer, certificates must be delivered to the purchaser. Because there was no valid transfer the case must be viewed as one of contract. The contract was executed in Michigan; thus Michigan law applies.

*Graham* v. *Commercial Credit Company* (1964), 41 Del Ch 580 (200 A2d 828), citing *Smith* v. *Universal Service Motors Co.* (1929), 17 Del Ch 58 (147 A 247), stated that no issuance of stock took place until a certificate duly made out passed from the custody and control of the company into the possession of the stockholder, or some person as agent for him. In the present case the stock did not pass from the control of defendant company but remained in the

hands of its attorney who acted as the escrow agent. 8 Del C § 194 is not applicable.

8 Del C § 190 provides:

"An attempted transfer of title to a certificate or to the shares represented thereby without delivery of the certificate shall have the effect of a promise to transfer and the obligation, if any, imposed by such promise shall be governed by the law governing the formation and performance of contracts."

The general rule is that contractual rights are governed by the law of the state in which the contract was executed. *Keehn* v. *Charles J. Rogers, Inc.* (1945), 311 Mich 416. The agreement provides that as part of the consideration for the shares in question and a condition precedent to the delivery of the shares to the plaintiff, the plaintiff would remain in the employ of the defendant for a period of three years. If he left the employ of the defendant for any reason before the expiration of three years the shares remaining in escrow were to be returned to the defendant. Plaintiff left defendant's employ after 19 months of service. Under the agreement the 2,000 shares remaining in escrow should be returned to the defendant upon payment of the nominal price stated in the agreement. See *W. O. Barnes Company, Inc.* v. *Folsinski* (1953), 337 Mich 370.

Affirmed. Costs to defendant.

All concurred.