## CHURCH v. LARNED.

1. EVIDENCE—ADMISSIBILITY—PLEADING—VARIANCE.

In an action for personal injuries, where the declaration alleged that said injuries caused a prolapsus of the uterus necessitating an abdominal operation, testimony that in the operation one of plaintiff's ovaries was removed, was admissible, it not being open to the objection that the declaration alleged one injury while plaintiff was permitted to prove another.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE— EVIDENCE — QUESTION FOR JURY.

Testimony by plaintiff that, on alighting from a street car, she looked before proceeding towards the curb, and saw no automobile approaching, and by plaintiff's daughter-in-law that plaintiff was about two feet behind witness and that she saw the automobile just before it struck plaintiff, who was still in the safety zone, but not in time to warn her, being all of the testimony on this question, held, to present a question for the jury as to whether plaintiff was guilty of contributory negligence.

3. TRIAL—ARGUMENT OF COUNSEL—HARMLESS ERROR.

Statements by plaintiff's counsel, in his argument to the jury, which should not have been made, but which were either stricken out or withdrawn after being criticized by the court, and which cannot be said to have influenced the verdict, held, not reversible error.

4. SAME.

Reference by plaintiff's counsel, in his argument to the jury, in refuting a suggestion by defendant's counsel that plaintiff's trouble in the uterus might have been caused by child-birth, to the fact, brought out by defendant on cross-examination, that plaintiff had a son who was a soldier in active service, explaining, on objection, that his purpose was to show the lapse of time between the birth of the child and the discovery that her uterus was affected, held, not reversible error.

Error to Wayne; Hosmer, J. Submitted April 22, 1919. (Docket No. 19.) Decided May 29, 1919.

Case by **Myrtle Church** against Minnie Larned for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Vandeveer & Foster*, for appellant.

*George B. Greening* (*Frank W. Atkinson*, of counsel), for appellee.

BROOKE, J. In this case plaintiff had judgment for $4,000 growing out of injuries received by her as the result of being run down by an automobile driven by defendant. The accident occurred at the intersection of Meadowbrook and East Jefferson avenues, in the city of Detroit, at about 11:50 p. m. A street car with trailer attached traveling east came to a full stop at the intersection of said streets. Plaintiff, accompanied by her daughter-in-law, was a passenger on the trailer. After the car came to a stop the two ladies left the car, the daughter-in-law a step or two in advance of the plaintiff. After plaintiff had left the car she testified that she looked to the right or rear but failed to see the oncoming automobile driven by defendant. After taking a step or two in a southeasterly direction and while still within the safety zone she was struck by the automobile and carried forward a distance of 50 or 75 feet before the machine came to a standstill. The defendant, with the help of others, placed her in the car and took her home. She was confined to the house for two or three weeks and thereafter went to the hospital where she was subjected to an abdominal operation. The declaration charged that as a result of the accident plaintiff suffered:

"(1) Many contusions over the entire part of the body.

"(2) The uterine ligaments became released, causing prolapsus of the uterus, which necessitated an abdominal operation, and there is grave doubt as to her ever getting in the same condition as she was in before the injury."

During the examination of the operating physician the following occurred:

"I treated her for a while and drew out as much of this congestion from the uterus that could be drawn off by treatment at the office and waited for her body to recuperate from the shock of the injury and then I took her to the hospital later on and operated, when I removed one ovary.

"Objected to as not included in the declaration.

"*Q.* Does that include one of the ovaries there— that allegation?

"*Mr. Vandeveer:* I object to that. Here is a copy of the declaration.

"*The Court:* I think if you had asked for a bill of particulars I should have allowed it with reference to that. I think she may testify from that inasmuch as there was no demand for a bill of particulars as to the nature of the operation. Note an exception. If you had asked for a further bill of particulars in that respect, of what the abdominal operation was, I might have sustained your application in that regard, but I think I will let the testimony in.

"Exception."

The assignment of error based upon this exception is the first one argued by appellant. It is urged in this behalf that the plaintiff apprised defendant of one injury in her declaration and over objection was permitted to prove not only this injury but still another. *Shadock* v. *Plank-Road Co.*, 79 Mich. 7. We are of opinion that the averment in the declaration quoted is sufficient to cover the testimony admitted. *Groat* v. *Railway*, 153 Mich. 165. It is there asserted that the relaxed ligaments caused a prolapsus of the uterus which necessitated an abdominal operation. It is true that no mention is made that in the performance of said operation one of the ovaries was removed, but as the fallopian tubes and the ovaries are appendages of the uterus, we think the court was correct in holding the testimony admissible.

It is next argued by counsel for appellant that a

verdict should have been directed upon the ground that the plaintiff was shown to have been guilty of contributory negligence as a matter of law. Plaintiff testified:

"After getting off the street car and before I proceeded toward the curb, I looked toward Hamilton avenue to see if an automobile was coming from that direction and approaching toward me, but I did not see any."

Plaintiff's daughter-in-law testified:

"She was in the safety zone but I don't know exactly how far she was from the street car."

—and on cross-examination:

"I alighted from the car first and my mother-in-law followed me. The street car was still standing after she had been struck and picked up. She was about two feet behind me, and I looked to the right or west and saw an automobile coming, but it was so close that before I could warn her, it struck her. It seemed to be the front wheel that struck her but I don't remember whether it was the left or right—I don't remember whether it was the radiator, but it seemed to have been the wheel; it happened so quickly that I don't just remember which wheel it was. It was a fine, clear night with no rain or snow and I don't know if the stars were shining or not. I would say Mrs. Church was about three feet from the car when she was struck and I was about two feet in advance of her."

In connection with this testimony it is argued that inasmuch as the daughter-in-law saw the automobile and the plaintiff did not it should be held as a matter of law that the plaintiff was guilty of contributory negligence. It must be remembered that the accident occurred within a very few seconds of the stopping of the car and while the plaintiff was within the so-called safety zone. The testimony of the mother and daughter-in-law was all there was as to the happening of the accident, the defendant not being sworn. We are

of opinion that the facts presented by the testimony raised a question for the determination of the jury and that it was presented to them under proper instructions.

Error is next assigned upon the argument of counsel for plaintiff which it is asserted constitutes prejudicial error. All of the remarks criticized by appellant were without warrant and should not have been indulged in by counsel for plaintiff. The first was stricken out by the court as prejudicial. The second, when objected to, was criticized by the court and withdrawn by counsel. The third, when objected to by counsel for defendant, was withdrawn by counsel for plaintiff. The fourth consisted in the following:

*"Counsel for Plaintiff:* I only ask you as you would ask in right (like) cases, if this was your wife, or this was your sister, that was compelled to come into court.

*"Mr. Vandeveer:* I object to that statement.

*"The Court:* The Supreme Court has said you cannot make that comparison with reference to yourself or ask the jurors to make the comparison with themselves, so I cannot see why a wife or sister do not stand on the same plane.

*"Mr. Vandeveer:* No question about it, I object to it as an improper argument.

*"The Court:* The jury have got to give, if they find she was injured through the negligence of the defendant and was not guilty of negligence herself, what is the proper amount of compensation."

There is no question under the authorities that this appeal to the jury constituted reversible error unless cured by the action of the court. Such errors have been overlooked by this court when it could be said that the verdict did not reflect the prejudice or passion to which appeal was made. No error is assigned upon the action of the court in denying a new trial on the ground that the verdict was excessive. The

next incident of this character grows out of the following:

"*Mr. Greening:* I listened to this absurd argument by my learned brother that this poor woman's injuries were through childbirth.

"*Mr. Vandeveer:* I did not say that. I said the testimony disclosed that 95 per cent. of those cases—

"*The Court:* I think if the jury would find that she raised a child who is now a soldier and has not suffered up to the present time, that the remark of counsel would be justifiable.

"*Mr. Vandeveer:* I object to the court's remark and take an exception.

"*Mr. Greening:* On the 14th day of November, 1916, when Mrs. Church was injured, at my brother's request she stated she had one child—now let us see where he was; he was down to the Mexican border; down with the soldiers down there.

"*Mr. Vandeveer:* I object to that statement; what is the purpose of it?

"*The Court:* I think the jury may take it into consideration.

"*Mr. Greening:* The purpose is to show the age of him and number of years that elapsed and whether that number of years—that he should be a soldier, before she discovered that her uterus was affected—that is the purpose of it.

"*The Court:* I think that is a legitimate argument."

The record discloses that the plaintiff had borne a son who at the time of the accident was a soldier in active service. This fact was brought out by defendant's counsel upon cross-examination. While counsel for plaintiff in his argument might well have omitted reference to the fact we are disposed to hold, considering the state of the record, that his remark does not constitute reversible error.

A review of the entire record discloses no reversible error and the judgment stands affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.