HAYNES *v.* CLARK.

1. MOTOR VEHICLES—NEGLIGENCE—EVIDENCE—SUFFICIENCY.
    In action by automobile driver for personal injuries received when his car on through street was struck by defendants' car entering from side street, verdict for plaintiff *held*, justified by evidence.

2. SAME—CONTRIBUTORY NEGLIGENCE—PRESUMPTION THAT CAR WILL STOP AT THROUGH STREET.
    Automobile driver on through street, who reached intersection first and saw defendants' car approaching on side street, had right to assume that it would come to stop.

3. SAME—DIRECTED VERDICT.
    Automobile driver on through street reaching intersection first, assuming that car approaching from side street would stop, and proceeding across, was not guilty of contributory negligence as matter of law.

4. SAME—EVIDENCE.
    Testimony that defendant's wife, who was driving his automobile when it collided with plaintiff's car, was pregnant at the time, was properly excluded as irrelevant.

Liability for collision between automobiles or an automobile and another vehicle at or near corner of street or highway, see annotation in L. R. A. 1916A, 745.

5. Negligence—Evidence.
   Under certain circumstances, conditions surrounding an accident may be shown, when relevant.

6. Appeal and Error—Improper Argument—Harmless Error.
   Argument of plaintiff's counsel, unsupported by testimony, although improper and erroneous, *held*, not reversible error, where verdict was not affected thereby.

7. Damages—Trial—Instructions—Earning Capacity.
   Where, in action for personal injuries it appeared that plaintiff was prevented by his injuries from following his usual vocation, court, in charging jury thereon, should have instructed them that plaintiff was not thereby prevented from earning his living by some other occupation.

8. Trial—Damages—Requests to Charge—Instructions.
   Where court in charging jury as to plaintiff's inability to follow his usual vocation failed to charge that he was not prevented from earning living by some other occupation, request for such charge should have been made.

9. Appeal and Error—Trial—Damages—Harmless Error.
   Failure of court to charge that plaintiff was still able to make living at some other occupation was not reversible error, where there was no request therefor and size of verdict shows that jury did not consider plaintiff incapacitated from doing all work.

Error to Kent; Perkins (Willis B.), J. Submitted October 8, 1930. (Docket No. 37, Calendar No. 35,060.) Decided December 2, 1930.

Case by Henry F. Haynes against George H. Clark and another for injuries sustained in an automobile accident. From verdict and judgment for plaintiff, defendants bring error. Affirmed.

*Don E. Minor* and *Irving H. Smith,* for plaintiff.

*Rodgers & Dunn,* for defendants.

Butzel, J. Plaintiff, Henry F. Haynes, sustained severe injuries as a result of a collision of his auto-

mobile with that of defendants, George H. Clark and Dorothy Clark, at the intersection of Allen street and Scribner avenue in the city of Grand Rapids, on the afternoon of December 1, 1928, shortly after dark. Allen street running east and west is a paved street, 26 feet in width. It intersects Scribner avenue, which runs north and south, and is 42 feet in width and also paved. There is a single car track in the center of Scribner avenue. Allen street, by a city ordinance, is a through traffic street at this intersection, and vehicles on it have the right of way. It is designated as a stop street, and proper signs with the word "Stop" were placed on Scribner avenue near its intersection with Allen street. Plaintiff claims that he was driving a 1922 Ford touring car west on Allen street; that when he came to Scribner avenue he slowed down his car to 4 or 5 miles an hour, looked carefully, and drove across the street at 12 miles an hour; that there was nothing to obstruct his vision, and that he saw car lights 150 feet to the north as he crossed the sidewalk line on the east side of the street; that he looked again on reaching the center of the street, and saw the car 50 feet away; that he "presumed the car would stop at the through traffic sign;" that almost immediately thereafter he was attracted by the glare of lights and defendants' car bore into his right side and tore into his car; that he made an effort to turn to the left before his car was struck but was unable to do so; that defendant Dorothy Clark drove her car at an unlawful rate of speed and did not stop at the "stop" sign, but drove into his car so as to cause him very serious injuries, as well as minor ones to his young son who was also riding in the car.

He must have been hit with terrific force, for his car was so badly stove in that it was completely ruined. The Hudson car driven by Mrs. Clark ran into and broke an electric light pole approximately one foot in diameter at the southwest corner of the street. Plaintiff was taken to the hospital, where it was found that he had suffered very severe injuries, besides numerous bruises. There were 4 or 5 fractures of the pelvis; the right foot was mutilated back to the tarsus. The bones of the toes were broken, separated from the foot and hanging down from the sole of the foot. The front part of the foot had to be amputated between the tarsal and metatarsal bones.

After a delay of two weeks owing to the fear of an abdominal injury, plaintiff was placed in an abdominal cast where he was kept four weeks. A considerable period elapsed before the leg was healed sufficiently for plaintiff to move about. The injury is a permanent one, for the loss of part of the foot will impede plaintiff's stance and locomotion and he may have pain at times during the remainder of his life, as a result of the injury. According to the medical testimony, plaintiff can bend his leg to a right angle but not to a complete flexion, and there is a permanent limitation to the left hip on account of the irregularity of the socket surface inside. Plaintiff had been working for 6 or 7 years as an interior decorator and painter. According to the testimony, 85 per cent. of his work was done on ladders, and his efficiency in his trade has been reduced possibly 75 per cent. He can not maintain his equilibrium on anything but a flat surface. One physician placed his disability at 80 per cent. Even on a flat surface his ability to stand will not be normal. Plaintiff testified that he still has continuous

pain; that he has unsuccessfully tried to resume his former trade; that after attempts he found he could not do ordinary work, such as washing dishes or digging in his garden. Plaintiff's medical and hospital expenses amounted to $782.25. His expectancy of life at the date of the trial was 31.78 years.

Defendant George H. Clark was not in the car at the time of the collision, but was joined as a defendant under the statute. Defendants claim that plaintiff was guilty of contributory negligence; that the Hudson car was slowed down so that the speedometer registered zero as it reached Allen street. Defendant Dorothy Clark, who drove the car, testified that she was accompanied by her sister who sat on the front seat with her; that her two children were standing immediately in the rear, back of the front seat; that she was driving at the rate of 20 miles an hour; that as she approached Allen street, her sister directed her attention to the stop sign and that she looked in both directions, saw no car coming and shifted the gears into second speed. She further stated:

"I can't swear my car came to a complete stop, because I didn't see the wheels, but it came as near to a stop as it possibly could. I mean by that stopped, or practically so. After I shifted into second gear I looked in both directions. I saw no cars and proceeded out into the street intersection. Having looked and having seen no cars, I continued on across the street. I let up my clutch and let it in gear to continue. I released my brake. Then I placed one foot on the accelerator and continued on out into the street. That made my car move forward. It does. It did move forward in second gear. From that time until the collision my car was in second gear all the time."

With the uncertainty of her statement as to whether she stopped or not, as contrasted with the positive testimony introduced by plaintiff that she did not stop, and with the other testimony supporting the claims of the plaintiff, the jury was fully justified in finding in his favor. The verdict was not against the great weight of the testimony as claimed by defendants, but was fully supported by it.

Error is claimed that the verdict should have been directed in favor of the defendants and that the case falls within the principle that the plaintiff is precluded from recovering in cases of this character when both parties are to blame. The testimony shows that plaintiff looked before crossing the street and while he was crossing and then immediately before the collision. It differs from *Kerr* v. *Hayes,* 250 Mich. 19, and the other cases arising out of accidents at street crossing intersections, referred to in defendants' brief, for in the present case defendant-driver was bound by the city ordinance to come to a full stop at the entrance to the street crossing. Plaintiff started to cross before Mrs. Clark reached the crossing, and, under the circumstances, he had a right to assume that defendants' car would come to a stop. He further testified that he looked in the direction from which Mrs. Clark was coming a number of times. The court properly refused to direct a verdict in favor of defendants on the ground that plaintiff was guilty of contributory negligence. It was a question for the jury.

Defendants claim error because the judge refused to permit Mrs. Clark to testify that she was pregnant at the time of the collision. The question was irrelevant and properly excluded. Under the testimony, defendant's physical condition was neither responsible for or a legal excuse for her negligence.

Defendants claim in their brief that the fact that Mrs. Clark was pregnant and that a healthy child was born after the accident tends to show that there could not have been a very great impact when the collision took place. While it might show her hardihood, which was not an issue in the case, it would not disprove that plaintiff's car was stove in almost beyond recognition, the electric light pole was broken in two, and plaintiff sustained very severe injuries. There was no error in excluding the question. Under certain circumstances, conditions surrounding an accident may be shown when relevant. *Kuchcinski* v. *Curtis*, 251 Mich. 210. In the present case the question was irrelevant.

The serious question in the case arises out of the remarks of plaintiff's counsel in his address to the jury. The attorney for plaintiff in addressing the jury made the statement that the plaintiff was penniless; that he could not do anything in the way of hard labor; that he could not get a job and could not do anything. He also stated that Mrs. Clark was thrilled by the exhilaration of driving that automobile; that she was a woman not weighing over one hundred pounds; that she was operating a monster of death. There is no testimony whatsoever showing that plaintiff was penniless. Had there been any attempt to introduce testimony that the plaintiff was penniless, it would have been promptly excluded, for its only purpose would have been to arouse the sympathy of the jury and divert them from the real issues in the case. There is no testimony that plaintiff tried to get another job, though he testified that he could not wash dishes or do garden work. Neither was there any testimony as to Mrs. Clark's weight or in regard to her thrills or exhilaration. Some of these statements were so im-

proper and unfair to defendants in addition to being unsupported by any testimony, that they would constitute fatal errors were it not for the size of the verdict. The jury rendered a verdict of $6,432.25. Deducting the amount of the medical and hospital expenses, there remains $5,450 to compensate plaintiff for the past, present, and future pain and suffering, for the loss of part of his foot, the loss of earnings for over a year from the time he sustained his injuries up to the time of the trial and the permanent deprivation of his vocation in life. It can readily be seen that the remarks of plaintiff's counsel to the jury, as well as the error claimed in the judge's charge, hereinafter discussed, could not have affected the size of the verdict. We can not refrain, however, from stating that were the judgment a larger one, we would be constrained to set it aside. We are unable to understand why counsel should persist in jeopardizing the rights of their clients in a meritorious case by injecting error into it. It is only after considering the size of the verdict and then with some hesitation that we permit it to stand and find that the error was not prejudicial in this case. *In re Clark's Estate,* 234 Mich. 471.

Further error is claimed because the judge charged the jury as follows:

"If you find for the plaintiff, he is entitled to recover substantial damages resulting from the injuries he has sustained. * * * And in this connection I further charge you that if you find by a preponderance of the evidence that plaintiff has been permanently injured in consequence of which he has been wholly or partially disabled from following and carrying on his trade of painter, decorator and paper hanger for the remainder of his

life or any portion thereof, you should estimate his loss of future earnings as such painter, decorator and paper hanger for such period. This same rule, namely, your duty to estimate his loss of earning based on his inability to work at his usual and regular occupation applies also to all his probable loss of earnings for his probable duration of life."

In this charge the court failed to call the attention of the jury to the fact that plaintiff may have earned a living through some other vocation and that his injuries were not such as to preclude him from taking up a different trade or occupation where he would not have to climb or stand on ladders. The judge should have so instructed the jury. However, the counsel for defendants should have made such a request either before or immediately after the charge. In view of the fact that they did not do so, and the further fact that the size of the verdict plainly showed that the jury could not have regarded plaintiff's injuries as incapacitating him from doing any work, we decline to disturb the judgment. Otherwise, the charge fully protected defendants' rights.

The judgment of the lower court is affirmed, with costs to plaintiff.

CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, C. J., and POTTER, J., concurred in the result.