HILL v HUSKY BRIQUETTING, INC.

1. APPEAL AND ERROR—CLOSING ARGUMENT—IMPROPER ARGUMENT—
PRESERVING QUESTION.

Failure of a defendant to ask the trial court either during a
plaintiff's counsel's allegedly improper closing argument or in
requesting final instructions to instruct the jury to disregard
the improper argument of the plaintiff's counsel precludes
appellate review of the issue.

2. APPEAL AND ERROR—IMPROPER ARGUMENT—FAILURE TO OBJECT—
PREJUDICE.

Appellate review of allegedly improper, but unobjected to, argu-
ment of opposing counsel is limited to a determination of
whether the statements of that counsel were so extremely
prejudicial that even a correction by the court would not undo
the harm.

3. APPEAL AND ERROR—VERDICT—EXCESSIVE VERDICT.

There is a presumption that a verdict was supported by evidence
of probative force where the verdict is not claimed on appeal to
be excessive.

4. TRIAL—THEORY OF CASE—READING TO JURY—REPETITION OF FACTS
—COURT RULES.

A plaintiff is entitled to submit her theory of the case to the trial
court for presentation to the jury; a plaintiff's theory of the
case was properly read to the jury as submitted even where it
was only a repetition of all the pertinent facts, where it was
supported by the evidence and was not too one-sided or argu-
mentative (GCR 1963, 516.7).

5. APPEAL AND ERROR—THEORY OF CASE—READING TO JURY—PRE-
SERVING QUESTION—MOTION FOR NEW TRIAL.

Appellate review of a defendant's objection to the trial court's
reading to the jury of the plaintiff's theory of the case as

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 624–627.
[3] 5 Am Jur 2d, Appeal and Error § 836.
[4] 75 Am Jur 2d, Trial §§ 643, 654, 661.
[5] 5 Am Jur 2d, Appeal and Error § 624.
[6] 5 Am Jur 2d, Appeal and Error § 893.

submitted has been waived by the defendant's failure to raise the issue on a motion for a new trial.

6. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRODUCTS LIABILITY—NEGLIGENCE—DANGEROUS PROPENSITIES OF PRODUCT—WARNING.

A trial court's instructions to the jury must be read as a whole in order for the Court of Appeals to arrive at a proper construction of those instructions, and any claimed error in an instruction on adequate warning of the nature and extent of any dangerous propensities of a consumer product was cured where the court also fully and accurately instructed the jury on negligence and the defendant's duty of care.

Appeal from Wayne, Joseph B. Sullivan, J. Submitted June 21, 1977, at Detroit. (Docket No. 28396.) Decided September 20, 1977. Leave to appeal applied for.

Complaint by Helen R. Hill, for herself and as administratrix of the estate of Anita L. Hill, deceased, and as next friend of Betty Jo Hill, a minor, against Husky Briquetting, Inc., for damages for the wrongful death of Anita L. Hill and injuries to Betty Jo Hill. Directed verdict for defendant. Plaintiff appealed. Reversed and remanded for trial. 54 Mich App 17 (1974). Defendant appealed to the Supreme Court, which affirmed. 393 Mich 136 (1974). The matter was tried, resulting in a judgment for plaintiff. Defendant appeals. Affirmed.

*Koslow, Jasmer & Woll, P. C.,* for plaintiff.

*Harvey, Kruse & Westen, P. C.* (by *Ronald E. Westen* and *Paul Hynes),* for defendant.

Before: BEASLEY, P. J. and V. J. BRENNAN and J. R. MCDONALD,* JJ.

J. R. MCDONALD, J. This is the second appeal in an action brought for wrongful death and injuries resulting from inhaling fumes of carbon monoxide

---

* Circuit judge, sitting on the Court of Appeals by assignment.

given off by defendant's charcoal briquettes. The first appeal resulted in a reversal of a directed verdict in favor of defendant prior to the impaneling of the jury, and remand for trial. *Hill v Husky Briquetting, Inc,* 54 Mich App 17; 220 NW2d 137 (1974), *affirmed,* 393 Mich 136; 223 NW2d 290 (1974). In the first appeal, certain facts relevant to a controlling point of law were stipulated by the parties. The Court of Appeals, in reversing the directed verdict entered in favor of the defendant, said:

"The reasoned rule expressed by the commentators and supported fully by *Marietta [Marietta v Cliffs Ridge, Inc,* 385 Mich 364; 189 NW2d 208 (1971)] requires that the question of adequacy of the warning be determined by the jury. In this case and on this record the facts were not so clear that all men would draw the same conclusion. The question, although close, is properly for the jury to consider." 54 Mich App at 25.

On its own motion, pursuant to GCR 1963, 865.1(7), the Supreme Court peremptorily affirmed the decision of the Court of Appeals. The Supreme Court ruled:

"In *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 369–370 (1971), we said:

" 'The customary usage and practice of the industry is relevant evidence to be used in determining whether or not this standard has been met. Such usage cannot, however, be determinative of the standard.' "

"To the extent that *Cheli v Cudahy Brothers Co,* 267 Mich 690 [255 NW 414] (1934), and *Barton v Myers,* 1 Mich App 460 [136 NW2d 776] (1965), declare a contrary rule, they no longer will be followed." 393 Mich at 136.

Plaintiff commenced her action against the

defendant charcoal briquette manufacturer for the wrongful death of Anita L. Hill and injuries to Betty Jo Hill.

Helen R. Hill, mother of the deceased and injured children, was using defendant's briquettes in a grill or brazier in their bedroom to provide heat for both herself and the children. Mrs. Hill's husband left her during 1970, and she was receiving sustenance for herself and her five children from Aid to Families with Dependent Children. Mrs. Hill was purchasing an old home in Detroit for which ADC had provided the requisite down payment. This home had formerly been heated by a gas space heater but, following a long-running dispute concerning the gas bill, the gas had been cut off. The termination of the gas supply occurred some weeks prior to the incident presently in question. The previously mentioned gas heater was the only source of heat, there being no usable furnace anywhere else in the house. Mrs. Hill began heating her home by burning charcoal around the time of Halloween, and continued in this way up until the day after Thanksgiving. On Thanksgiving day, she called the hospital because both she and the other members of her family were not feeling well. On the day after Thanksgiving, Mrs. Hill woke up to find that her daughter Anita, age 11, had died during the night. One daughter, Betty Jo, age 4, required in-patient treatment at the hospital.

It was the plaintiff's claim at trial that the charcoal bag did not contain an adequate warning to inform the user of the dangers involved in using the product. The bag in which the charcoal was contained had the following legend printed on it: "CAUTION—FOR INDOOR USE—COOK ONLY IN PROPERLY VENTILATED AREAS". The jury

returned a $75,000 verdict (later reduced to $67,-500) for the wrongful death of Anita Hill, age 11, who lost her life from inhaling the fumes from charcoal. A $25,000 verdict was rendered in favor of Betty Jo Hill, who completely lost the power of speech for a time, requiring hospitalization, and subsequent visits to her physician. On appeal, the amount of these verdicts is not claimed to be excessive.

This appeal is based primarily on the alleged prejudicial argument and other misconduct of counsel for the plaintiff which allegedly denied defendant a fair trial. The trial judge, in his opinion denying defendant's motion for new trial in regard to prejudicial argument of plaintiff's counsel, said:

"The remarks made during argument should be considered in the light of the entire transcript of what transpired at the trial as well as what both sides said during the argument. The trial transcript, I believe, will reveal no reticence whatsoever on the part of Defendant's counsel to object when he felt the occasion warranted it. Yet, in essence, no objections were made during the argument to the allegedly inflammatory and improper portions alluded to after the fact and upon motion for a new trial.

At the very least, the court could have dealt with such objections timely and, in some instances, perhaps, would have sustained objections thereto. In addition, the court would, where appropriate, terminate improper argument and instruct both counsel and the jury appropriately."

At the close of plaintiff's counsel's argument, the defendant's counsel made a motion for a mistrial or "appropriate instructions of the Court". No specific curative instructions were requested. The trial court denied the motion for a mistrial and, in

the absence of a specific request by defendant for a curative instruction, did instruct the jury not to let sympathy or prejudice influence their decision. The trial court went on to caution the jury that the evidence to be considered consisted only of the testimony of the witnesses and the exhibits offered and received by the court. The trial court further instructed the jury that opening statements and final arguments of counsel are not evidence, and that they should disregard anything said by an attorney which is not supported by the evidence, or by their own general knowledge and experience. The court also told the jury that the defendant corporation was entitled to the same fair and impartial treatment as they would give an individual under like circumstances.

The Supreme Court, in *Koepel v St Joseph Hospital,* 381 Mich 440, 442–443; 163 NW2d 222 (1968), said:

"Too much stress cannot be laid upon the postulate that something more than an objection—to allegedly improper jury argument—is requisite to the *right* of appellate review of such an argument. This has been pointed out so many times as to make of the postulate a veritable commonplace. If counsel defending thinks that his defense has been hurt incurably by a prejudicial closing argument, his remedy of prompt motion for mistrial is open to him. If on the other hand the situation in his view is reparable by the trial judge, a formal request for judicial correction is not only in order but tactically valuable. So, when the defendant conceives himself prejudiced by factual misstatements or inflammatory forensics delivered in the course of final argument, and yet does not want to go through another trial via motion for mistrial, it is highly important that he ask for and obtain relief through an affirmative request which, couched in his own needful language rather than the possibly more casual idiom of

the trial judge, will effectively erase the item or items of concern."

While counsel for the defendant may have followed the "preferred method", as set forth in *Mayo v Wright,* 63 Mich 32, 38; 29 NW 832 (1886), to avoid interruption of plaintiff's counsel's argument, and make his objections at the close of plaintiffs' counsel's argument, his failure to request the court either during the argument or in final instructions to instruct the jury to disregard the improper argument, has not saved this question for review. *Kujawski v Boyne Mountain Lodge, Inc,* 379 Mich 381; 151 NW2d 794 (1967).

Appellate review of allegedly improper, but unobjected to, argument is limited to a determination of whether the statements of counsel were "so extremely prejudicial that even a correction by the court would not undo the harm". *Smith v E R Squibb & Sons, Inc,* 69 Mich App 375, 386; 245 NW2d 52 (1976). In this case, defendant did object to the argument of plaintiff's counsel, but failed to request curative instructions. Even though defendant's counsel claimed that plaintiff's counsel's final argument was so extremely prejudicial that even a correction by the court would not undo the harm, we have thoughtfully considered the allegedly inflammatory statements in context, as well as the final argument of defendant's counsel, and the instructions given by the trial court, and we are not persuaded that a new trial is warranted in this case.

The trial judge, in his opinion denying the motion for a new trial, stated:

"The verdict in the case with respect to liability is clearly justified by the proofs, and the damages, in

today's market, are clearly not excessive in the wrongful death case."

Therefore, the alleged improper argument could not have affected the relatively small verdict and cannot be a basis for reversal. *Haynes v Clark,* 252 Mich 295, 302; 233 NW 321 (1930). The verdict is not claimed to be excessive, and in the absence of such a claim on appeal, there is a "presumption * * * that the verdict was supported by evidence of probative force". *Haney v Village of Pinckney,* 155 Mich 656, 663; 119 NW 1099 (1909). While the verdict of $75,000 and $25,000 is not small, it is not considered excessive in a wrongful death case of an 11-year-old girl, where the evidence is sufficient to sustain the verdict. The error must be considered harmless. *Church v Larned,* 206 Mich 77, 82; 172 NW 551 (1919).

Defendant further claims that the trial court erred in reading to the jury, over defendant's objection, plaintiffs' "theory of the case" as submitted. The basis for defendant's objection was that the proposed theory was nothing but a repetition of all the pertinent facts.

The plaintiff was entitled to submit her theory of the case to the trial court for presentation to the jury. GCR 1963, 516.7. While plaintiff's theory of the case may have been a repetition of all the pertinent facts, it was supported by the evidence and not too "one-sided or argumentative". *Hansen v Batchelder,* 14 Mich App 627, 633; 165 NW2d 886 (1968). Furthermore, defendant has waived any right to appellate review of the objection by its failure to raise the issue on the motion for a new trial. *Dixison v Asher,* 7 Mich App 547, 550; 152 NW2d 161 (1967).

Finally, the defendant complains that it did not

receive a fair trial because the trial judge advised the jury that an adequate warning is one calculated to bring home to the prospective consumer the nature and extent of any dangerous propensities of its product. Defendant contends that in this small portion of the charge the trial court wrongfully invaded the province of the jury, and, in effect, told the jury that defendant was negligent as a matter of law and practically entered a directed verdict.

A careful review of the instructions as a whole reveals that the trial judge fully and accurately instructed the jury upon negligence and the defendant's duty of care in this case. The trial judge did not invade the province of the jury, nor did he direct a verdict against the defendant as claimed. To arrive at a proper construction of the instructions, we must read the charge as a whole. *Humphrey v Swan,* 14 Mich App 683; 166 NW2d 17 (1968). The instructions overall more than adequately cure any error defendant may claim as to the judge's instruction on adequate warning. *Wallis v Cox,* 286 Mich 76, 78; 281 NW 543 (1938).

Affirmed.