WILLIAMS v WHEELS, INC

Docket No. 63207. Decided December 27, 1979. On application by the plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the Leelanau Circuit Court, and remanded the case to the circuit court for a new trial. Rehearing denied *post,* 1165.

Lisa L. Williams, a minor, by her next friend, Jeannine M. Williams, brought an action for damages arising out of an automobile accident against Wheels, Inc., the owner of the automobile in which the plaintiff was riding when she was injured, and Laurie S. Lougheed, who was driving it. The plaintiff claimed that she had suffered injuries resulting in disfigurement and serious impairment of bodily function, which would entitle her to damages under the no-fault insurance act. A jury in Leelanau Circuit Court, Charles M. Forster, J., returned a verdict for the defendants of no cause of action. Defense counsel, over the plaintiff's objection, in his argument to the jury remarked at some length on his opinions of the statutory scheme and legislative intent of no-fault legislation and the effect of this case on the continued workability of no-fault legislation. The Court of Appeals, D. E. Holbrook, Jr., P.J., and R. B. Burns and Bashara, JJ., affirmed in an unpublished per curiam opinion on the grounds that defense counsel's remarks were a simple admonition to the jury to follow the law and that the plaintiff failed to cite authority on whether the remarks served to deny her a fair trial (Docket No. 78-1258). Plaintiff applies for leave to appeal. *Held:*

The only issue for determination by the jury in this case was whether the plaintiff had suffered the type of injury for which noneconomic damages could be recovered under the no-fault act. Defense counsel's remarks may well have influenced the jury to decide the case on the basis of considerations not germane to the issue which was presented to them. The nature of the plaintiff's argument on appeal was that the remarks made by defense counsel denied her a fair trial. Given this type of argument, there is no reason to preclude a finding of error because of the lack of cited authority. It is unnecessary to

reach the other points raised by the plaintiff in her application for leave to appeal.

The judgments of the Court of Appeals and the Leelanau Circuit Court are reversed, and the case is remanded to the Leelanau Circuit Court for a new trial.

Chief Justice Coleman, joined by Justice Ryan, dissenting, agreed that the defense attorney's remarks interjected irrelevant considerations into the trial and were improper. However, the remarks were not so prejudicial as to deny the plaintiff a fair trial. The argument was not an appeal to the jury's self-interest, passion, or prejudice. After the trial judge cautioned the defense attorney, the plaintiff made no further request for a curative instruction to the jury or motion for a mistrial. Reversal is not required in this case.

*Clancey & Price, P.C.,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block)* for defendants.

PER CURIAM. The question posed for review in the instant matter is whether, in this action for damages brought pursuant to the no-fault act,[1] the defense attorney's remarks in closing argument concerning the impact of this case upon the continued viability of the no-fault scheme in Michigan were improper and served to deny the plaintiff a fair trial. We answer that question in the affirmative.

I

On September 3, 1976, the plaintiff was a passenger in a car driven by defendant Laurie Sue Lougheed. The car was owned by defendant Wheels, Inc. There was a collision with another vehicle as a result of which the plaintiff suffered injuries including cerebral concussion, fractured pelvis, and multiple lacerations.

---

[1] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

The plaintiff filed suit against the defendants claiming that she was entitled to damages inasmuch as she had suffered injuries resulting in disfigurement and serious impairment of bodily function.[2] The jury returned a verdict in favor of the defendants.

The plaintiff pursued an appeal to the Court of Appeals. The Court of Appeals affirmed in an unpublished per curiam opinion.

## II

A major theme which was emphasized by defense counsel in his closing argument to the jury was his version of what the Legislature intended by the no-fault legislation and what, in his opinion, was necessary for the sustained viability of this system. The following excerpt from defense counsel's closing argument is illustrative:

"[I]n other words, just because somebody is at fault, they still have been hurt and they still may be out of work and they still may have medical bills to pay and I think the Legislature said, 'Hey, wait a minute, let's require everybody [to] have insurance and let's say all right regardless of fault, we're going to give, if somebody is injured, we're going to pay some benefits' and there are a lot of benefits and it provides no-fault, PI or personal injury benefits, reimbursement or all your medical expenses from now until you die, the rest of your life, rehabilitation if you need it, loss of services if you need that, wage reimbursement up to, I think it is, a thousand dollars a month for three years.

"I am almost sure that all of us who have automobiles have no-fault policy and if you read it and see all of the benefits, it provides, required by law and the Legislature says, 'All right, we're going to put that law into effect and we hope by this law to eliminate the

---

2 MCL 500.3135; MSA 24.13135.

problem we are having with all these lawsuits coming into courts and court congestion and tying up judges and juries and we are going to pay people regardless of fault.' We call it no-fault now. It doesn't make any difference about fault. We don't want to hear about fault. If you have been hurt, we're going to pay these benefits for you and we are going to solve our automobile accident injury problem, we hope, without getting into court system *[sic]* through this matter."

And further:

"You see, the no-fault law, the statute with its intended purpose to eliminate except for the serious injury is good idea, but it will only work if the jurors meet their responsibility. You might think that as you are sitting there, you might think this is just a little case up in Leelanau County, but what you do in this case will have a broad effect, because if you go into that jury room with these facts and you decide that this is a serious impairment of bodily function case, then I go back to my client and I tell him about the jury up in Leelanau County and what they did and I tell the lawyers about what happens and Mr. Clancey tells his people about what happens—."

Plaintiff's attorney objected to defense counsel's remarks at this point and the trial court cautioned defense counsel. Nevertheless, defense counsel continued:

"I guess what I am saying to you is this, is that what you do in this case makes a great deal of difference as to how this no-fault statute is going to work, and I guess I don't want you to think that just because you are a jury in Leelanau County involving *[sic]* this case, that your decision may not be important to us lawyers and judges as to what juries do with cases of this kind and that is really the point I am trying to make."

On appeal, the plaintiff argued that defense

counsel's remarks concerning the no-fault legisla-
tion and the duty of the jury were improper and
constituted reversible error. The Court of Appeals
rejected the plaintiff's arguments and took plaintiff
to task for failing to cite any authority for this
proposition, citing *Mitcham v Detroit,* 355 Mich
182; 94 NW2d 388 (1959).

## III

We conclude that the remarks set forth served
to deny the plaintiff a fair trial. The issue for the
jury's consideration in this case was not the con-
tinued viability of the no-fault legislation. The
only issue for determination by the jury in this
case was whether the plaintiff had suffered the
type of injury for which noneconomic damages
could be recovered. We cannot agree with the
Court of Appeals that defense counsel's remarks
were a simple admonition to the jury to follow the
law. We believe that defense counsel's remarks
may well have influenced the jury to decide this
matter on the basis of considerations not germane
to the issue which was presented to them.

Moreover, we do not believe that the plaintiff
should be faulted for her failure to cite authority
for her position in this regard. The nature of the
plaintiff's argument on appeal was that the re-
marks made by defense counsel denied her a fair
trial. We see no reason, given this type of argu-
ment, to preclude a finding of error because of the
lack of cited authority.

Our disposition of this allegation of error makes
it unnecessary to reach the other points raised by
the plaintiff in her application for leave to appeal.

Accordingly, pursuant to GCR 1963, 853.2(4), in
lieu of granting leave to appeal, we reverse the

judgments of the Court of Appeals and of the Leelanau Circuit Court and remand the matter to the Leelanau Circuit Court for a new trial. Costs to plaintiff.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J. We agree with the majority's conclusion that the defense attorney's remarks concerning the possible impact that this jury's verdict might have upon the future of the no-fault scheme interjected irrelevant considerations into the trial and were improper.[1] However, the remarks were not so prejudicial as to deny plaintiff a fair trial.

The control of arguments of counsel is entrusted to the trial court's discretion[2] and generally, counsel is given some leeway in presenting his argument.[3] Although the argument that the jury should exercise its responsibility carefully because it may have broad ramifications in other cases was improper, the argument was not an appeal to the jury's self-interest, passion or prejudice.[4]

After plaintiff's objection, the trial judge cautioned the defense attorney to "tone it down a

[1] See *Wayne County Board of Road Comm'rs v GLS LeasCo*, 394 Mich 126; 229 NW2d 797 (1975), *Clark v Grand Trunk W R Co*, 367 Mich 396; 116 NW2d 914 (1962), *University of Delaware v Munson*, 316 A2d 206 (Del, 1974), *Russell v Guider*, 362 So 2d 55 (Fla App, 1978), *Hansel v Chicago Transit Authority*, 132 Ill App 2d 402; 270 NE2d 553 (1971), *Williams v North River Ins Co*, 579 SW2d 410 (Mo App, 1979).

[2] See *In re Dellow's Estate*, 290 Mich 167; 287 NW 420 (1939), *Rutter v Collins*, 103 Mich 143; 61 NW 267 (1894); *Bugar v Staiger*, 66 Mich App 32; 238 NW2d 404 (1975).

[3] See *Elliott v A J Smith Contracting Co*, 358 Mich 398; 100 NW2d 257 (1960), *Gonzalez v Hoffman*, 9 Mich App 522; 157 NW2d 475 (1968).

[4] See *GLS LeasCo, supra, Clark, supra*, Anno: *Appeals to Juror's Self-Interest*, 33 ALR2d 442.

little". No further request for relief in the form of a curative instruction or motion for a mistrial was made. Since an appropriate instruction to the jury to disregard these remarks could have been made if counsel had deemed them prejudicial,[5] we conclude that reversal is not required in this case.[6] The trial judge did not abuse his discretion in denying defendants' motion for a new trial.[7]

RYAN, J., concurred with COLEMAN, C.J.

---

[5] See *Munson, supra.*

[6] See *Koepel v St Joseph Hospital,* 381 Mich 440; 163 NW2d 222 (1968), *Russell, supra.*

[7] See *Moore v Spangler,* 401 Mich 360; 258 NW2d 34 (1977), *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976).