FALCONER v SALLIOTTE

Docket No. 47339. Submitted December 5, 1980, at Lansing.—Decided January 23, 1981.

Charles E. Falconer brought a negligence action against Lawrence L. Salliotte and Debra Ann Salliotte for damages for injuries to plaintiff allegedly caused by the collapse of a fire escape at a building owned by defendants. At the jury trial in Washtenaw Circuit Court, Edward D. Deake, J., it was brought out that plaintiff, a tenant in defendants' building, had been served with the statutory seven-day notice to quit three days prior to the alleged accident. In response to plaintiff's theory that the defendants had a duty to their tenants to keep the fire escape in good repair, defense counsel argued to the jury, without objection, that the jury should consider plaintiff's failure to pay rent and his unemployed status in their determination of the degree of accountability of the parties. Plaintiff requested that the jury be instructed that the plaintiff at the time of the accident enjoyed the same rights as any other tenant and that the defendants owed the same duty of care to plaintiff that they owed to any of the other tenants. The trial court refused to give that requested instruction. The jury returned a verdict of no cause of action. Plaintiff appeals. *Held:*

1. The refusal of a trial court to give a requested instruction which states the applicable law and which is supported by the evidence is error. Where that error is such that the Court of Appeals can say that in the absence of that error at trial the result might have been different, the error is reversible error.

2. Since plaintiff's requested instruction on defendants' duty of care was a correct statement of the law, and since the proofs at trial supported that instruction, it was error for the trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 673, 948.
     75 Am Jur 2d, Trial §§ 588, 589.
[2] 75 Am Jur 2d, Trial § 574.
[3] 29 Am Jur 2d, Evidence § 253.
[4] 5 Am Jur 2d, Appeal and Error § 624.
     75 Am Jur 2d, Trial § 315.
[5] 57 Am Jur 2d, Negligence § 160.

court to refuse to give the requested instruction. In view of defense counsel's arguments to the jury that it should consider the eviction proceedings in determining the degree of accountability of the parties, the result might well have been different had the requested instruction been given. The failure to give the requested instruction, accordingly, was reversible error.

3. On retrial, the trial court in its discretion, taking into account whether the probative value of the evidence of the eviction proceedings outweighs the prejudicial effect of that evidence, may admit evidence and arguments on that matter for the purpose of testing plaintiff's credibility. While such evidence may be relevant to the question of plaintiff's motive in bringing this action, defense counsel should refrain from using such ancillary matters to divert the jury from the issues of the case by appealing to the jury's passions and prejudices.

4. The trial court properly refused plaintiff's requested instruction relative to plaintiff's latent disability, since the requested instruction did not accurately state the law.

Reversed and remanded.

1. APPEAL — TRIAL — JURY INSTRUCTIONS — REFUSAL TO INSTRUCT.

Refusal of a trial court to give a requested instruction which states the applicable law and is supported by the evidence is error; if the error is such that the Court of Appeals can say that in the absence of such error the result might well have been different, the error is reversible error.

2. TORTS — JURY INSTRUCTIONS — LEASED PROPERTY — DUTY OF CARE — EVICTION PROCEEDINGS.

An instruction that the lessor of property owes the same duty of care to a lessee against whom eviction proceedings had been commenced that is owed to any other lessee until such time as the eviction is completed is a correct statement of the applicable law and should be given where the proofs establish that, at the time of the injury giving rise to the litigation, the lessee had been given the statutory seven-day notice to quit but that said period had not yet expired and neither a judgment of possession nor a writ of restitution had been secured by the lessor; arguments of the lessor's counsel relative to the relationship of the lessee's possessory status *vis-à-vis* the lessor's duty of care causes the error resulting from the refusal to give such an instruction to be reversible error.

3. TORTS — EVIDENCE — EVICTION PROCEEDINGS — ARGUMENTS OF COUNSEL — RELEVANCY — PREJUDICE.

Evidence and arguments concerning eviction proceedings which

had been commenced by a lessor against a lessee are properly admitted in a trial on a tort injury claim by the lessee against the lessor where the trial court determines that the probative value outweighs the prejudicial effect, since such evidence is relevant to the question of whether the suit was motivated by the lessee's desire for revenge; however, such evidence and arguments must not be used to divert the jury from the issues in the case by appealing to the jury's passions and prejudices (MRE 403).

4. Appeal — Arguments of Counsel — Improper Argument — Preserving Question.

The failure to object at trial to the arguments of opposing counsel precludes appellate review of the issue.

5. Negligence — Latent Disability — Aggravation — Proximate Cause.

A defendant is liable for any aggravation of a plaintiff's latent disability if the plaintiff establishes by a preponderance of the evidence that the defendant's wrongful act was a proximate cause of the aggravation of the latent disability.

*Calder, Kirkendall & Loegman, P.C.,* for plaintiff.

*Ellis, Talcott & Ohlgren, P.C.* (by *Ralph C. Keyes),* for defendants.

Before: Danhof, C.J., and M. F. Cavanagh and MacKenzie, JJ.

Per Curiam. This was a negligence action arising out of plaintiff's alleged injury in the collapse of a fire escape at his apartment. A jury returned a verdict of no cause of action and plaintiff now appeals by right.

Plaintiff requested, and the trial court refused to give, the following instruction:

"Continuation of a Tenant's Rights Until Eviction
"In this case, there was undisputed testimony that Mr. Falconer was not evicted from his apartment at 127

College Place until November 21, 1977. According to the law, Mr. Falconer, until the time of his eviction, enjoyed the same rights as any other tenant in that building and Mr. and Mrs. Salliotte owed the same duty of care to him as to any of the other tenants at 127 College Place until his eviction."

It appears that defendants served a seven-day notice to quit on plaintiff on September 16, 1977, at which time plaintiff was in arrears on rent. It further appears that plaintiff's lease would have expired May 14, 1978. The alleged date of plaintiff's injury was September 19, 1977.

Plaintiff's theory was that defendants had a duty to their tenants to inspect and repair the fire escape where defendants knew or should have known of its defective condition. MCL 125.471; MSA 5.2843, MCL 554.139; MSA 26.1109, *Hockenhull v Cutler Hubble, Inc,* 39 Mich App 163; 197 NW2d 344 (1972), *lv den* 387 Mich 809 (1972), and *Raatikka v Jones,* 81 Mich App 428; 265 NW2d 360 (1978). However, counsel for defendants argued to the jury at length concerning plaintiff's failure to pay rent and expressly told the jury to consider plaintiff's failure to pay rent in its consideration of the matter of the degree of accountability of the parties.

Refusal to give a requested instruction that states the applicable law and is supported by evidence is error. If the error is one without which the Court can say the result might well have been different, the error is reversible. See, *Richman v City of Berkley,* 84 Mich App 258, 264; 269 NW2d 555 (1978), *lv den* 405 Mich 804 (1979).

The requested instruction here correctly stated the applicable law. At the alleged time of injury, defendants did not even have a cause of action for possession of the premises in summary proceed-

ings, since the seven days had not expired. MCL 600.5714; MSA 27A.5714. Defendants could not have obtained a writ of restitution until ten days after entry of a judgment for possession, and plaintiff could have retained possession by paying the rent owed and costs. MCL 600.5744; MSA 27A.5744. Since plaintiff was in possession of the premises pursuant to a valid lease, and since plaintiff's right to possession had not legally been terminated, defendants owed plaintiff the duty of care they owed to any other tenant. In view of defendants' emphasis on this point in closing argument, we are persuaded that this error is one without which the result might well have been different. Reversal and a remand for a new trial is therefore necessary.

The other issues raised by plaintiff do not require reversal; however, we will briefly discuss them to clarify them for retrial. The eviction proceedings were relevant to plaintiff's credibility, in view of defendants' theory that plaintiff fabricated the story of the accident in a spirit of revenge. The trial court has discretion to admit such evidence if it finds that its probative value outweighs its prejudicial effect. See MRE 403. Counsel for defendants is admonished to refrain from diverting the jury from the issues in the case and appealing to its passion and prejudices in argument. *Williams v Wheels, Inc,* 407 Mich 417; 286 NW2d 239 (1979), *Wayne County Board of Road Comm'rs v GLS LeasCo,* 394 Mich 126; 229 NW2d 797 (1975). In particular, counsel overstepped the bounds of propriety by telling the jury, among other things, to consider plaintiff's unemployed status in determining the parties' accountability. Only the failure by plaintiff's counsel to object to such arguments prevented reversal on

this issue. *Hill v Husky Briquetting, Inc,* 78 Mich App 452; 260 NW2d 131 (1977), *lv den* 402 Mich 893 (1978). Finally, plaintiff's requested instruction on the relationship of plaintiff's pre-existing physical condition to his burden of proof relative to proximate cause did not accurately state the law. If defendants' wrongful conduct had been proved by a preponderance of the evidence to be a proximate cause of an aggravation of a latent disability, defendants would be liable for such an aggravation. However, this rule does not remove from plaintiff the burden of showing that the negligence of the defendants was a proximate cause of the injury. See *McNabb v Green Real Estate Co,* 62 Mich App 500, 518-519; 233 NW2d 811 (1975), *lv den* 395 Mich 774 (1975).

Reversed and remanded for a new trial. Plaintiff may tax costs.